**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DON LEES,

       Plaintiff,

v.                               No. 11-cv-28 MV/DJS

RMCI INC., NATHAN MAST,
and STEVE MOORE,

       Defendants

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Don Lees' Motion to Remand (Doc. 10). The Court, having considering the Motion, the memoranda submitted by the parties, relevant authorities, and being otherwise fully informed, will **GRANT** the Motion.

## FACTUAL BACKGROUND

This case arises out of alleged employment discrimination. Plaintiff, a New Mexico resident, alleges that while employed by Defendant RMCI Inc., a New Mexico corporation with its principal place of business in Albuquerque, he was subject to derogatory racially and sexually explicit comments and unwelcome physical conduct and that he was discharged from his employment for reporting the harassment and discrimination. Plaintiff brings this suit against RMCI Inc. and two of its employees, Superintendent Nathan Mast and Personnel Manager Steve Moore, both alleged to be New Mexico residents.

In the section of his complaint titled "Exhaustion of Administrative Remedies," Plaintiff alleges that "[o]n or about October 22, 2009, [he] timely filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission ('EEOC') and the

New Mexico Human Rights Division ('New Mexico HRD')," that "[o]n or about September 9, 2010, the New Mexico HRD issued its determination and right to sue letter," that "[o]n or about on October 19, 2010, the EEOC issued its determination and right to sue letter," and that "[p]ursuant to NMSA 1978, 28-1-13(A), Plaintiff is timely appealing the determinations of the EEOC and New Mexico HRD by filing this Complaint within ninety (90) days of service of the aforementioned determinations."  (Doc. 1-1 at ¶¶ 7-10).

Plaintiff's complaint contains seven counts:  Count I alleges unlawful discrimination in violation of the New Mexico Human Rights Act; Count II alleges unlawful retaliation in violation of the New Mexico Human Rights Act; Count III alleges common law wrongful termination and retaliator discharge; Count IV alleges intentional infliction of emotional distress; Count V alleges breach of contract; Count VI alleges breach of covenant of good faith and fair dealing; and Count VII (mislabeled as Count VIII) alleges tortious interference with current or prospective contractual business contract.

On January 10, 2011, Defendants removed this action to federal Court, claiming that it presents a federal question.

## ANALYSIS

Removal is proper only if the federal court has original jurisdiction over the case.  *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed.").  Defendants removed the state case to this Court contending that Plaintiff raised a federal question.  *See* 28 U.S.C. § 1331 (district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States).  "A case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

2

resolution of a substantial question of federal law." *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (internal quotation omitted); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); *Schmeling v. NORDAM*, 97 F.3d 1336, 1339 (10th Cir. 1996) (pursuant to the well-pleaded complaint rule, a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law).

The Court finds that there is no federal question on the face of Plaintiff's complaint. As noted above, the Complaint asserts seven causes of action, all of which are based on New Mexico statutory or common law. While, as Defendants note, the facts contained in Plaintiff's complaint may be sufficient to support additional federal claims against Defendants, the question for this Court is not what causes of action could have been pled based on the facts alleged, but rather what causes of action are pled. *Schmeling*, 97 F.3d at 1339 (recognizing the plaintiff is the master of the claim and "may prevent removal by choosing not to plead a federal claim even if one is available"). In opposing the motion to remand, Defendants do not identify any federal cause of action that has been pled. Instead, Defendants rely on paragraph 10 of Plaintiff's complaint, which appears in the section of Plaintiff's complaint titled "Exhaustion of Administrative Remedies." Paragraph 10 alleges in full: "Pursuant to NMSA 1978, 28-1-13(A), Plaintiff is timely appealing the determinations of the EEOC and New Mexico HRD by filing this Complaint within ninety (90) days of service of the aforementioned determinations." (Doc. 1-1 at ¶ 10).

The Court finds that paragraph 10's reference to an appeal of the EEOC's determination is insufficient to establish federal question jurisdiction. As noted above, this reference to the EEOC determination appears only in the section of Plaintiff's complaint addressing exhaustion of administrative remedies; no reference is made to federal law in portion of Plaintiff's complaint

3

setting out the seven counts alleged by Plaintiff.  Instead, Plaintiff's statutory claims (Counts I and II) explicitly state that they are alleging violations of the New Mexico Human Rights Act and include citations thereto, with no reference or citation to Title VII or other federal laws.  Further, even though paragraph 10 references an appeal of both the EEOC and New Mexico HRD determinations, it cites only the New Mexico statutory provision allowing such an appeal, NMSA 1978, § 28-1-13(A).  Accordingly, the Court concludes that paragraph 10 is insufficient to establish that Plaintiff's action arises under federal law pursuant to the well-pleaded complaint rule, especially in light of the explicit references to only state statutes contained in the relevant counts of the complaint.  *See Patterson v. Campbell*, No. 3:04-0586, 2006 U.S. Dist. LEXIS 7910 (M.D. Tenn. Feb. 14, 2006) (finding no federal question jurisdiction where plaintiff asserted discrimination claims under the Tennessee Human Rights Act and other state law claims despite the fact that in setting out the prior administrative proceedings, plaintiff's complaint alleged that he had filed discrimination charges with the EEOC and received a right to sue letter and despite the fact that his complaint contained a heading entitled "Violations of State and Federal Law," where the allegations that followed relied on state law, without citing any federal statute, constitutional provision, or other federal law); *Scott v. Primedia, Inc.*, No. 3:04-CV-0680-D, 2004 U.S. Dist. LEXIS 10687 (N.D. Tex. May 7, 2004) (remanding case under well-pleaded complaint rule where complaint was ambiguous in disclosing whether claim was intended under federal or state-law and explaining that the fact plaintiff had alleged in her amended petition that she filed a discrimination charge with the EEOC and received a right to sue letter did not change the Court's analysis as the same paragraph also alleged that a charge of discrimination had been filed with the Texas Commission on Human Rights); *Chavez v. McDonald's Corp.*, No. 3:99-CV-1718-D, 1999 U.S. Dist. LEXIS 15978, at *2-4 (N.D. Tex. Oct. 8, 1999) (recognizing that a federal claim does not exist simply because facts are

4

alleged in the complaint suggest such a claim and finding that although plaintiff's complaint refers to exhausting his administrative remedies under Title VII, he had not alleged a Title VII where the claims otherwise clearly alleged that they were based on the Texas Commission on Human Rights Act or Texas common law).  The Court is therefore without jurisdiction and must grant Plaintiff's request that the case be remanded.

Next, the Court must consider Plaintiff's request that he be awarded attorneys' fees and costs incurred as a result of the removal.  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  The Supreme Court of the United States has clarified the standards governing an award of fees under § 1447(c) .  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

The Court concludes, based on the facts set forth above, that an award of costs and fees is appropriate in this case, as there was not an objectively reasonable basis for asserting the existence of federal question jurisdiction.  While Defendants attempt to distinguish the authority on which Plaintiff relies in seeking remand, Defendants do not cite authority that supports their contention that paragraph 10 provided an objectively reasonable basis for seeking removal.  Moreover, the Court notes that on February 4, 2011—prior to filing the instant Motion to Remand—counsel for Plaintiff notified counsel for Defendants that Plaintiff would be filing a Motion to Remand, provided citation to legal authority supporting the Motion, and requested that Defendants stipulate to a remand. (Doc. 15-1).  Accordingly, before Plaintiff incurred attorneys' fees and costs bringing the instant Motion to Remand, Defendants were on notice that Plaintiff would be moving to remand the case

and had the opportunity to further research the issue and to stipulate to remand, but elected not to so stipulate.  The Court therefore concludes that an award of just costs and actual expenses is appropriate pursuant to 28 U.S.C. § 1447(c).

<strong><u>CONCLUSION</u></strong>

**IT IS THEREFORE ORDERED** that Plaintiff Don Lees' Motion to Remand (Doc. 10) is **GRANTED**.  This case is hereby remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.  The Court further finds that an award of reasonable costs and fees is appropriate in this case.  Plaintiff has thirty (30) days from entry of this Order in which to submit an application for just costs and actual expenses, including attorney fees, incurred as a result of the removal.

Dated this 13th day of July, 2011.

_____
**MARTHA VÁZQUEZ**
**UNITED STATES DISTRICT JUDGE**

*Attorney for Plaintiff:*
        Alex C. Walker, Esq.
        Krista Pietschman, Esq.
        Nathan T. Neiman, Esq.

*Attorneys for Defendants:*
        Gregory L. Biehler, Esq.